**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| AGIS SOFTWARE DEVELOPMENT LLC | § § § § | |
| Plaintiff, | § § | Case No. 2:17-cv-514 |
| v. | § § | <u>JURY TRIAL DEMANDED</u> |
| HTC CORPORATION, | § § § | |
| Defendant. | § § § § | |

<u>**PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**</u>

Plaintiff, AGIS Software Development LLC ("AGIS Software" or "Plaintiff") files this Original Complaint against Defendant HTC Corporation ("Defendant" or "HTC") for patent infringement under 35 U.S.C. § 271 and alleges as follows:

<u>**THE PARTIES**</u>

1.      Plaintiff, AGIS Software, is a limited liability company organized and existing under the laws of the State of Texas, and maintains its principal place of business at 100 W. Houston Street, Marshall, Texas 75670.  AGIS Software is the owner of all right, title, and interest in and to U.S. Patent Nos. 9,467,838, 9,445,251, 9,408,055, and 8,213,970 (collectively, the "patents-in-suit").

2.      Defendant HTC is a foreign company organized and existing under the laws of Taiwan, with its principal place of business at 23 Xinghua Road, Taoyuan City, Taoyuan County 330, Taiwan.  Upon information and belief, HTC does business in Texas, directly or through

intermediaries and offers its products and/or services, including those accused herein of infringement, to customers and potential customers located in Texas, including in the judicial Eastern District of Texas.

## JURISDICTION AND VENUE

3.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, et seq.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367.

4.      This Court has personal jurisdiction over Defendant.  Defendant conducts business and has committed acts of patent infringement and/or has induced acts of patent infringement by others in this judicial district and/or has contributed to patent infringement by others in this judicial district, the State of Texas, and elsewhere in the United States.

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b).  HTC is a foreign corporation and may be sued in this judicial district.  Venue is further proper because, upon information and belief, HTC has regular and established places of business in this judicial district and is deemed to reside in this judicial district, has committed acts of infringement in this judicial district, and/or has purposely transacted business involving the accused products in this judicial district.

## PATENTS-IN-SUIT

6.      On July 3, 2012, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,213,970 (the "'970 Patent") entitled "Method of Utilizing Forced Alerts for Interactive Remote Communications."  A true and correct copy of the '970 Patent is attached hereto as Exhibit A.

7.      On August 2, 2016, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 9,408,055 (the "'055 Patent") entitled "Method to Provide Ad Hoc and Password Protected Digital and Voice Networks."  A true and correct copy of the '055 Patent is attached hereto as Exhibit B.

8.      On September 13, 2016, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 9,445,251 (the "'251 Patent") entitled "Method to Provide Ad Hoc and Password Protected Digital and Voice Networks."  A true and correct copy of the '251 Patent is attached hereto as Exhibit C.

9.      On October 11, 2016, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 9,467,838 (the "'838 Patent") entitled "Method to Provide Ad Hoc and Password Protected Digital and Voice Networks."  A true and correct copy of the '838 Patent is attached hereto as Exhibit D.

## FACTUAL ALLEGATIONS

10.      Malcolm K. "Cap" Beyer, Jr., a graduate of the United States Naval Academy and a former U.S. Marine, is the CEO of AGIS Software and a named inventor of the AGIS patent portfolio.  Mr. Beyer founded Advanced Ground Information Systems, Inc. ("AGIS, Inc.") shortly after the September 11, 2001, terrorist attacks because he believed that many first-responder and civilian lives could have been saved through the implementation of a better communication system.  He envisioned and developed a new communication system that would use integrated software and hardware components on mobile devices to give users situational awareness superior to systems provided by conventional military and first-responder radio systems.

11.     AGIS, Inc. developed prototypes that matured into its LifeRing system.  LifeRing provides first responders, law enforcement, and military personnel with what is essentially a tactical operations center built into hand-held mobile devices.  Using GPS-based location technology and existing or special-purpose cellular communication networks, LifeRing users can exchange location, heading, speed, and other information with other members of a group, view each other's locations on maps and satellite images, and rapidly communicate and coordinate their efforts.  The system also interfaces with military command-and-control systems, such as GCCS, JCR, AFATDS, C2PC, and FBCB2.

12.     AGIS Software licenses its patent portfolio, including the '970, '055, '251, and '838 Patents to AGIS, Inc.  AGIS, Inc.'s LifeRing product practices one or more of the patents in the AGIS portfolio and AGIS, Inc. has marked its products accordingly.

13.     AGIS Software and all previous assignees of the patents-in-suit have complied with the requirements of 35 U.S.C. § 287(a).

14.     Non-party Google, Inc. ("Google") licenses the Android operating system to third parties, including Defendant, who design their own products that utilize the Android operating system.  The Android operating system is the most widely used in smartphones and other mobile devices.

15.     Defendant manufactures, uses, sells, offers for sale, and/or imports into the United States electronic devices, such as Android-based smartphones and tablets (including, but not limited to, the Desire 626s, U11, U Ultra, 10, and Bolt) (collectively, "the Accused Devices"), all of which are pre-configured or adapted with map-based communication applications and/or features such as Google Maps, Android Device Manager, Find My Phone, Find My Device, Google Messages, Android Messenger, Google Hangouts, Google Plus, and Google Latitude,

among other relevant applications and/or features relevant to the patents-in-suit.  The Accused

Devices include software, including but not limited to the above-listed applications and/or

features as components of its operating system and as downloads from a pre-installed application

store, such as the Play Store, in the Accused Devices.  The Accused Devices include

functionality that allows users to form groups with other users such that users may view each

others' locations on a map and engage in communication including text, voice, and multimedia

based communication.  Additionally, the users may form groups that include their own devices in

order to track their own lost or stolen devices as shown below.





## COUNT I
### (Infringement of the '970 Patent)

16.     Paragraphs 1 through 15 are incorporated herein by reference as if fully set forth in their entireties.

17.     AGIS Software has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any Accused Devices and/or products that embody the inventions of the '970 Patent.

18.     Defendant has and continues to directly infringe at least claim 6 of the '970 Patent, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States the Accused Devices without authority and in violation of 35 U.S.C. § 271(a).

19.     Defendant has and continues to indirectly infringe at least clam 6 of the '970 Patent by actively, knowingly, and intentionally inducing others to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or

importing into the United States the infringing Accused Devices and by instructing users of the

Accused Devices to perform methods claimed in the '970 Patent.  For example, Defendant, with

knowledge that the Accused Devices infringe the '970 Patent at least as of the date of this

Complaint, actively, knowingly, and intentionally induced, and continues to actively, knowingly,

and intentionally induce, direct infringement of the '970 Patent in violation of 35 U.S.C.

§ 271(b).

20.     For example, Defendant has indirectly infringed and continues to indirectly

infringe at least claim 6 of the '970 Patent in the United States because Defendant's customers

use such devices, including at least the Android Device Manager, Find My Phone, Find My

Device, Google Messages, Android Messenger, Google Hangouts, Google Plus, and Google

Latitude, and Google Maps apps installed on the Accused Devices, in accordance with

Defendant's instructions and thereby directly infringe at least claim 6 of the '970 Patent in

violation of 35 U.S.C. § 271.  For example, HTC directly and/or indirectly intentionally instructs

its customers to infringe through training videos, demonstrations, brochures, installations and/or

user guides such as those located at one or more of the following: www.htc.com,

www.htc.com/us, https://support.sprint.com/support/article/Use-Android-Device-Manager-with-

your-HTC-Desire-626s/WHowToSetupGuide_542_GKB88030-dvc9100003prd, and HTC

agents and representatives located within this judicial district.  Defendant is thereby liable for

infringement of the '970 Patent under 35 U.S.C. § 271(b).

21.     For example, Defendant directly and/or indirectly instructs its customers to

infringe through pre-installed applications in the exemplary Accused Devices as shown below.



Google    Q    Have a question about Google Accounts?      ⠿   O

Google Account Help

GOOGLE ACCOUNT

## Be ready to find a lost Android device

To be prepared in case you lose your Android phone, tablet, or Wear watch, you can check that Find My Device can find it.

If your device is already lost, learn how to find, lock, or erase it.

### Make sure your device can be found

After you sign in to a Google Account on an Android device, Find My Device is on by default.

To use Find My Device, a lost Android device must be:

- Turned on
- Signed in to a Google Account
- Connected to mobile data or Wi-Fi
- Visible on Google Play
- Location turned on
- Find My Device turned on

Lost Android Wear devices must also be running Android Wear 2.0 and up.

---

Step 1: Check that Find My Device is on

If you turned off Find My Device:

1. Find Google Settings in one of these places (depending on your device):
   - In your device's Settings app 🔧, tap **Google.**
   - Open a separate app called Google Settings 🔧.

2. Tap **Security.**

3. Under "Find My Device" or "Android Device Manager," turn on:
   - **Remotely locate this device**
   - **Allow remote lock and erase**

If you have a tablet that multiple people use, only the tablet's owner can change these settings.

---

Step 2: Check that Location is on

1. Find Google Settings in one of these places (depending on your device):
   - In your device's Settings app 🔧, tap **Google.**
   - Open a separate app called Google Settings 🔧.

2. Tap **Location.**

3. Turn on **Location.**

---

Step 3: Check that Google Play visibility is on

If you hide a device on Google Play, it won't show in Find My Device. To show a device:

1. Open play.google.com/settings  .
2. Under "Visibility," pick the device.

Step 4: Check that you can find your device

  1. Open android.com/find     and sign in to your Google Account.
  2. If you have more than one device, click this device at the top of the screen.

Install the app

To be prepared to use one Android phone or tablet to find another, install the Find My Device app

(https://support.google.com/accounts/answer/3265955?hl=en)

22.      AGIS Software has suffered damages as a result of Defendant's direct and
indirect infringement of the '970 Patent in an amount to be proved at trial.

23.      AGIS Software has suffered, and will continue to suffer, irreparable harm as a
result of Defendant's infringement of the '970 Patent for which there is no adequate remedy at
law, unless Defendant's infringement is enjoined by this Court.

24.      Defendant has committed and continues to commit acts of infringement that
Defendant actually knew or should have known constituted an unjustifiably high risk of
infringement of at least one valid and enforceable claim of the '970 Patent.  Defendant's
infringement of the '970 Patent has been and continues to be willful, entitling AGIS Software to
an award of treble damages, reasonable attorney fees, and costs in bringing this action.

## COUNT II
### (Infringement of the '055 Patent)

25.      Paragraphs 1 through 15 are incorporated herein by reference as if fully set forth
in their entireties.

26.      AGIS Software has not licensed or otherwise authorized Defendant to make, use,
offer for sale, sell, or import any Accused Devices and/or products that embody the inventions of
the '055 Patent.

27.     Defendant has and continues to directly infringe at least claim 28 of the '055 Patent, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States the Accused Devices without authority and in violation of 35 U.S.C. § 271(a).

28.     Defendant has and continues to indirectly infringe at least claim 28 of the '055 Patent by actively, knowingly, and intentionally inducing others to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States the Accused Devices and by instructing users of the Accused Devices to perform methods claimed in the '055 Patent.  For example, Defendant, with knowledge that the Accused Devices infringe the '055 Patent at least as of the date of this Complaint, actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, direct infringement of the '055 Patent in violation of 35 U.S.C. § 271(b).

29.     For example, Defendant has indirectly infringed and continues to indirectly infringe at least claim 28 of the '055 Patent in the United States because Defendant's customers use such devices, including at least the Android Device Manager, Find My Phone, Find My Device, Google Messages, Android Messenger, Google Hangouts, Google Plus, and Google Latitude, and Google Maps apps installed on the Accused Devices, in accordance with Defendant's instructions and thereby directly infringes at least one claim of the '055 Patent in violation of 35 U.S.C. § 271.  Defendant directly and/or indirectly intentionally instructs its customers to infringe through training videos, demonstrations, brochures, installations and/or user guides, such as those located at one or more of the following: www.htc.com,

www.htc.com/us, and HTC agents and representatives located within this judicial district.

Defendant is thereby liable for infringement of the '055 Patent under 35 U.S.C. § 271(b).

30.     For example, Defendant's exemplary Accused Devices are pre-installed with at least the Google Maps app which allows users to share their location and view other users' locations on a map and to communicate with those users via the Google Maps app (as shown below) which is integrated with Google Messages or Android Messenger and which is also pre-installed on the exemplary Accused Devices.



31.     The exemplary Accused Devices are programmed to obtain contact information from other users' devices where that contact information includes phone numbers. (e.g., https://support.google.com/nexus/answer/6118731?hl=en&ref_topic=6118711)

32.     The exemplary Accused Devices are further programmed to facilitate the initiation of Internet Protocol (IP) based communication between devices with SMS messages and other text messages.  This functionality is available at least through Google Hangouts and the Messages apps.  (e.g.,

https://play.google.com/store/apps/details?id=com.google.android.apps.messaging&hl=en;

https://play.google.com/store/apps/details?id=com.google.android.talk&hl=en).  The IP and SMS

based messages include location information as depicted below. (e.g.,

https://blog.google/topics/rcs/delivering-rcs-messaging-android-users-worldwide/)



33.     This location information is presented on interactive displays on the exemplary

Accused Devices which include interactive maps and a plurality of user-selectable symbols

corresponding to other devices.  These symbols are positioned on the map at positions

corresponding to the locations of the other devices as depicted below.  (e.g.,

https://arstechnica.com/gadgets/2017/03/location-sharing-finally-returns-to-google-maps/)



34.    The exemplary Accused Devices are further programmed to permit interaction with the display where a user may select one or more symbols and where the exemplary Accused Devices further permit data to be sent to other devices based on that interaction.  The exemplary Accused Devices are further programmed to permit users to specify additional locations and to communicate those user-specified locations to other users via symbols on an interactive display as depicted below.  (e.g., https://support.google.com/maps/answer/144361?co=GENIE.Platform%3DAndroid&hl=en)

# Embed a map or share a location

On your computer, you can embed a map, Street View image, driving directions, or search into your website or blog. On your computer, phone, or tablet, you can share a location or map with others over email, Google+, Facebook, Twitter, or text.

**ANDROID**    COMPUTER    IPHONE & IPAD

## Share a map or location

1. Open the Google Maps app 📍.
2. Search for a place. Or find a place on the map then touch and hold to drop a pin.
3. At the bottom, tap the place's name or address.
4. Tap Share ⌣. If you don't see this, tap More ⋮ > **Share**.
5. Select an app. It'll send a link that shows the place in Google Maps.

## Share your E.T.A

After you start your drive, you can share your destination, estimated arrival time, and where you are on the route.

1. Open the Google Maps app 📍.
2. Set a driving destination. Learn how to navigate to a place.
3. After you start navigation, tap **More** ∧ › **Share trip progress**.
4. Choose a person from the list.
5. Tap **Share**.
6. Location Sharing will stop when you reach your destination or stop navigating.

• To stop sharing before you arrive, tap **More** ⋮ › **Stop sharing.**

35.     AGIS Software has suffered damages as a result of Defendant's direct and indirect infringement of the '055 Patent in an amount to be proved at trial.

36.     AGIS Software has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '055 Patent for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

37.     Defendant has committed and continues to commit acts of infringement that Defendant actually knew or should have known constituted an unjustifiably high risk of infringement of at least one valid and enforceable claim of the '055 Patent.  Defendant's infringement of the '055 Patent has been and continues to be willful, entitling AGIS Software to an award of treble damages, reasonable attorney fees, and costs in bringing this action.

### COUNT III
### (Infringement of the '251 Patent)

38.     Paragraphs 1 through 15 are incorporated herein by reference as if fully set forth in their entireties.

39.     AGIS Software has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any Accused Devices and/or products that embody the inventions of the '251 Patent.

40.     Defendant has and continues to directly infringe at least claim 24 of the '251 Patent, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States the Accused Devices without authority and in violation of 35 U.S.C. § 271(a).

41.     Defendant has and continues to indirectly infringe at least claim 24 of the '251 Patent by actively, knowingly, and intentionally inducing others to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States the Accused Devices and by instructing users of the Accused Devices to perform methods claimed in the '251 Patent.  For example, Defendant, with knowledge that the Accused Devices infringe the '251 Patent at least as of the date of this Complaint, actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, direct infringement of the '251 Patent in violation of 35 U.S.C. § 271(b).

42.     For example, Defendant has indirectly infringed and continues to indirectly infringe at least claim 24 of the '251 Patent in the United States because Defendant's customers use such devices, including at least the Android Device Manager, Find My Phone, Find My Device, Google Messages, Android Messenger, Google Hangouts, Google Plus, and Google Latitude, and Google Maps apps installed on the Accused Devices, in accordance with Defendant's instructions and thereby directly infringe at least one claim of the '251 Patent in violation of 35 U.S.C. § 271.  Defendant directly and/or indirectly intentionally instructs its customers to infringe through training videos, demonstrations, brochures, installations and/or user guides, such as those located at one or more of the following: www.htc.com,

www.htc.com/us, and HTC agents and representatives located within this judicial district.

Defendant is thereby liable for infringement of the '251 Patent under 35 U.S.C. § 271(b).

43.     For example, Defendant's Accused Devices are pre-installed with at least the

Google Maps app which allows users to share their location and view other users' locations on a

map and to communicate with those users via the Google Maps app (as shown below) which is

integrated with Google Messages or Android Messenger and which is also pre-installed on the

Accused Devices.



44.     The exemplary Accused Devices are programmed to receive messages from other

devices where those messages relate to joining groups as depicted below.  (e.g.,

https://support.google.com/plus/answer/3302509?hl=en&co=GENIE.Platform%3DAndroid&oco

=1; https://support.google.com/mail/answer/30970?hl=en)

## Create a group

1. Go to Google Contacts ⧉.
2. On the left under "Labels," click **Create label**. (If you don't see "Labels," go to group contacts in old Contacts.)
3. Type a name, then click **OK**.

**Add contacts to a group label**                                                      ⌃

1. To select contacts, check the boxes next to their names.
2. In the top right, click Label ▭. (If you don't see Label ▭, go to group contacts in old Contacts.)
3. Choose the groups you want to add the contacts to. You'll see a checkmark appear next to the groups you chose.

45.     The exemplary Accused Devices are further programmed to facilitate
participation in the groups by communicating with a server and sending to and receiving location
information as depicted below.  (e.g.,
https://developers.google.com/maps/documentation/android-api/location).

## The Google Play services Location API

The Google Play services Location API is the preferred method for adding location awareness to your
Android application. It includes functionality that lets you:

- Determine the device location.
- Listen for location changes.
- Determine the mode of transportation, if the device is moving.
- Create and monitor predefined geographical regions, known as geofences.

The location APIs make it easy for you to build power efficient, location-aware applications. Like the
Google Maps Android API, the Location API is distributed as part of the Google Play services SDK. For
more information on the Location API, please refer to the Android training class Making Your App
Location Aware or the Location API Reference. Code examples are included as part of the Google
Play services SDK.

46.     This location information is presented on interactive displays on the exemplary
Accused Devices which include interactive maps and a plurality of user selectable symbols
corresponding to other devices.  These symbols are positioned on the map at positions

corresponding to the locations of the other devices as depicted below.  (e.g.,

https://arstechnica.com/gadgets/2017/03/location-sharing-finally-returns-to-google-maps/)



47.     The exemplary Accused Devices are further programmed to permit users to

request and display additional maps by, for example, moving the map screen and/or by selecting

satellite image maps.  The exemplary Accused Devices are further programmed to permit

interaction with the display where a user may select one or more symbols and where the

exemplary Accused Devices further permit data to be sent to other devices based on that

interaction.

48.     AGIS Software has suffered damages as a result of Defendant's direct and

indirect infringement of the '251 Patent in an amount to be proved at trial.

49.     AGIS Software has suffered, and will continue to suffer, irreparable harm as a

result of Defendant's infringement of the '251 Patent for which there is no adequate remedy at

law, unless Defendant's infringement is enjoined by this Court.

50.     Defendant has committed and continues to commit acts of infringement that

Defendant actually knew or should have known constituted an unjustifiably high risk of

infringement of at least one valid and enforceable claim of the '251 Patent.  Defendant's

infringement of the '251 Patent has been and continues to be willful, entitling AGIS Software to an award of treble damages, reasonable attorney fees, and costs in bringing this action.

**COUNT IV**
**(Infringement of the '838 Patent)**

51.      Paragraphs 1 through 15 are incorporated herein by reference as if fully set forth in their entireties.

52.      AGIS Software has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any Accused Devices and/or products that embody the inventions of the '838 Patent.

53.      Defendant has and continues to directly infringe at least claim 54 of the '838 Patent, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States the Accused Devices without authority and in violation of 35 U.S.C. § 271(a).

54.      Defendant has and continues to indirectly infringe at least claim 54 of the '838 Patent by actively, knowingly, and intentionally inducing others to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States the Accused Devices and by instructing users of the Accused Devices to perform methods claimed in the '838 Patent.  For example, Defendant, with knowledge that the Accused Devices infringe the '838 Patent at least as of the date of this Complaint, actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, direct infringement of the '838 Patent in violation of 35 U.S.C. § 271(b).

55.      For example, Defendant has indirectly infringed and continues to indirectly infringe at least claim 54 of the '838 Patent in the United States because Defendant's customers

19

use such devices, including at least the Android Device Manager, Find My Phone, Find My Device, Google Messages, Android Messenger, Google Hangouts, Google Plus, and Google Latitude, and Google Maps apps installed on the Accused Devices, in accordance with Defendant's instructions and thereby directly infringe at least one claim of the '838 Patent in violation of 35 U.S.C. § 271.  Defendant directly and/or indirectly intentionally instructs its customers to infringe through training videos, demonstrations, brochures, installations and/or user guides such as those located at one or more of the following: www.htc.com, www.htc.com/us, and HTC agents and representatives located within this judicial district. Defendant is thereby liable for infringement of the '838 Patent under 35 U.S.C. § 271(b).

56.     For example, Defendant's Accused Devices are pre-installed with at least the Google Maps app which allows users to share their location and view other users' locations on a map and to communicate with those users via the Google Maps app (as shown below) which is integrated with Google Messages or Android Messenger and which is also pre-installed on the Accused Devices.



57.     The exemplary Accused Devices are programmed to form and join groups by transmitting messages.  (e.g.,

https://support.google.com/plus/answer/3302509?hl=en&co=GENIE.Platform%3DAndroid&oco

=1; https://support.google.com/mail/answer/30970?hl=en)

## Create a group

1. Go to Google Contacts ↗ .
2. On the left under "Labels," click **Create label**. (If you don't see "Labels," go to group contacts in old Contacts.)
3. Type a name, then click **OK**.

---

Add contacts to a group label                                              ⌃

1. To select contacts, check the boxes next to their names.
2. In the top right, click Label ◼. (If you don't see Label ◼, go to group contacts in old Contacts.)
3. Choose the groups you want to add the contacts to. You'll see a checkmark appear next to the groups you chose.

58.     The exemplary Accused Devices are further programmed to facilitate

participation in the groups by communicating with one or more servers and sending to and

receiving location information as depicted below.  (e.g.,

https://developers.google.com/maps/documentation/android-api/location).

## The Google Play services Location API

The Google Play services Location API is the preferred method for adding location awareness to your Android application. It includes functionality that lets you:

- Determine the device location.
- Listen for location changes.
- Determine the mode of transportation, if the device is moving.
- Create and monitor predefined geographical regions, known as geofences.

The location APIs make it easy for you to build power efficient, location-aware applications. Like the Google Maps Android API, the Location API is distributed as part of the Google Play services SDK. For more information on the Location API, please refer to the Android training class Making Your App Location Aware or the Location API Reference. Code examples are included as part of the Google Play services SDK.

59.     This location information is presented on interactive displays on the exemplary

Accused Devices which include interactive maps and a plurality of user selectable symbols

corresponding to other devices.  These symbols are positioned on the map at positions

corresponding to the locations of the other devices as depicted below.  (e.g.,

https://arstechnica.com/gadgets/2017/03/location-sharing-finally-returns-to-google-maps/)



60.     The exemplary Accused Devices are further programmed to permit users to

request and display additional maps from additional servers by, for example, moving the map

screen and/or by selecting satellite image or other types of maps.  The exemplary Accused

Devices are further programmed to permit interaction with the display where a user may select

one or more symbols and where the exemplary Accused Devices further permit data to be sent to

other devices based on that interaction.

61.     AGIS Software has suffered damages as a result of Defendant's direct and

indirect infringement of the '838 Patent in an amount to be proved at trial.

62.     AGIS Software has suffered, and will continue to suffer, irreparable harm as a

result of Defendant's infringement of the '838 Patent for which there is no adequate remedy at

law, unless Defendant's infringement is enjoined by this Court.

63.     Defendant has committed and continues to commit acts of infringement that

Defendant actually knew or should have known constituted an unjustifiably high risk of

infringement of at least one valid and enforceable claim of the '838 Patent. Defendant's infringement of the '838 Patent has been and continues to be willful, entitling AGIS Software to an award of treble damages, reasonable attorney fees, and costs in bringing this action.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, AGIS Software prays for relief against Defendant as follows:

a.      Entry of judgment declaring that Defendant has directly and/or indirectly infringed one or more claims of each of the patents-in-suit;

b.      Entry of judgment declaring that Defendant's infringement of the patents-in-suit has been willful and deliberate;

c.      An order pursuant to 35 U.S.C. § 283 permanently enjoining Defendant, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with it, from further acts of infringement of the patents-in-suit;

d.      An order awarding damages sufficient to compensate AGIS Software for Defendant's infringement of the patents-in-suit, but in no event less than a reasonable royalty, together with interest and costs;

e.      An order awarding AGIS Software treble damages under 35 U.S.C. § 284 as a result of Defendant's willful and deliberate infringement of the patents-in-suit;

f.      Entry of judgment declaring that this case is exceptional and awarding AGIS Software its costs and reasonable attorney fees under 35 U.S.C. § 285; and

g.      Such other and further relief as the Court deems just and proper.

Dated: June 20, 2017                                    Respectfully submitted,

**McKOOL SMITH, P.C.**

  /s/ Sam Baxter
Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**McKOOL SMITH, P.C.**
104 E. Houston Street, Suite 300
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Alfred R. Fabricant
NY Bar No. 2219392
Email: afabricant@brownrudnick.com
Peter Lambrianakos
NY Bar No. 2894392
Email:  plambrianakos@brownrudnick.com
Vincent J. Rubino, III
NY Bar No. 4557435
Email:  vrubino@brownrudnick.com
Alessandra C. Messing
NY Bar No. 5040019
Email:  amessing@brownrudnick.com
John A. Rubino
NY Bar No. 5020797
Email: jrubino@brownrudnick.com
**BROWN RUDNICK LLP**
7 Times Square
New York, NY 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801

**ATTORNEYS FOR PLAINTIFF,
AGIS SOFTWARE DEVELOPMENT
LLC**