**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| AGIS SOFTWARE DEVELOPMENT, LLC<br><br>Plaintiff,<br><br>v.<br><br>HTC CORPORATION,<br><br>Defendant. | CASE NO. 2:17-cv-514-JRG<br>(LEAD CASE)<br><br>**JURY TRIAL DEMANDED** |
| AGIS SOFTWARE DEVELOPMENT, LLC<br><br>Plaintiff,<br><br>v.<br><br>ZTE CORPORATION, ZTE (USA), INC. AND ZTE (TX), INC.,<br><br>Defendants. | CASE NO. 2:17-cv-517-JRG<br>(CONSOLIDATED CASE)<br><br>**JURY TRIAL DEMANDED** |

**PROTECTIVE ORDER**

WHEREAS, Plaintiff, AGIS Software Development LLC, and Defendants HTC CORPORATION, ZTE CORPORATION, ZTE (USA), INC. and ZTE (TX), INC., hereafter referred to as "the Parties,"[1] believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

---

[1] "Parties" shall also include any other parties that are added to this Action and served with process in accordance with the Federal Rules of Civil Procedure.

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.   Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material").   Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL SOURCE CODE." The words "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL SOURCE CODE" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought.   For deposition and hearing transcripts, the word "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL SOURCE CODE" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL", "RESTRICTED – ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL SOURCE CODE." All Protected Material not reduced to documentary, tangible or physical form or which cannot be conveniently

designated as set forth herein shall be designated by the producing Party by informing the receiving Party of the designation in writing.  Any documents (including physical objects) made available for inspection by counsel for the receiving Party prior to producing copies of selected items shall initially be considered, as a whole, to constitute Protected Material (unless otherwise designated at the time of inspection) and shall be subject to this Order.  Thereafter, the producing Party shall have a reasonable time to review and designate the appropriate documents or things as "CONFIDENTIAL", "RESTRICTED -- ATTORNEYS' EYES ONLY", or "RESTRICTED CONFIDENTIAL SOURCE CODE" prior to furnishing copies to the receiving Party.

2.      Any document produced under Patent Rules 2-2, 3-2, and/or 3-4 before issuance of this Order with the designation "Confidential" or "Confidential-Outside Attorneys' Eyes Only" shall receive the same treatment as if designated "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

3.      With respect to documents, information or material designated "CONFIDENTIAL, "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" ("DESIGNATED MATERIAL"),[2] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation:   (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure;  (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to

---

[2]      The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," both individually and collectively.

pleadings and other court filings; (d) affidavits; and (e) stipulations.   All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS, as well as testimony or presentations by Parties or their counsel in Court that might reveal Protected Material shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4.     A designation of Protected Material (*i.e.*, "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE") may be made at any time.   Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment.   Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated.   The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

5.     The following information is not Protected Material:  (a) any information that is or, after its disclosure to a receiving Party, becomes part of the public domain as a result of publication not involving a violation of this Order or other obligation to maintain the confidentiality of such information; (b) any information that the receiving Party can show was already publicly known prior to the disclosure; and (c) any information that the receiving Party can show by written records was received by it from a source who

obtained the information lawfully and under no obligation of confidentiality to the producing Party.

6.    "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in paragraph 12 herein:

(a)    outside counsel of record in this Action for the Parties;

(b)    employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action, such as attorneys, paralegals, legal translators, legal secretaries, legal clerks and shorthand reporters;

(c)    up to two in-house counsel ("in-house counsel" includes attorneys or members of the legal staff or the intellectual property department of a Party or of a Party's parents, subsidiaries, or commonly controlled companies) for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action;

(d)    up to and including two (2) designated representatives of each of the Parties, as well as their immediate staff, to the extent reasonably necessary for the litigation of this Action, provided that, before access is given, the representative has completed the Undertaking attached as Appendix A hereto and the same is served upon the producing Party at least seven (7) days before access to the DESIGNATED MATERIAL is to be given to that representative.   If the producing Party objects to the disclosure within seven (7) days of service of the Undertaking, the Parties shall promptly meet and confer in good faith to resolve any such objection within seven (7) days following the objection.  If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within ten (10) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure.  If relief is not sought from the Court within that time, the objection shall be deemed withdrawn.  If relief is sought in a timely fashion, DESIGNATED MATERIALS may not be disclosed to the representative in question until the Court resolves the objection.  Either party may in good faith request the other party's consent to designate one or more additional representatives, the other party shall not unreasonably withhold such consent, and the requesting party may seek leave of Court to designate such additional representative(s) if the requesting party believes the other party has unreasonably withheld such consent;

(e)    outside consultants, technical advisors or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party), and their necessary support personnel, retained for the purpose of this litigation, provided that:  (1) such consultants, technical advisors or experts are not presently employed by the

Parties hereto for purposes other than this Action, or by a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party; (2) before access is given, the consultant, technical advisor or expert has completed the Undertaking attached as Appendix A hereto and the same is served upon the producing Party at least seven (7) days before access to the DESIGNATED MATERIAL is to be given to that consultant, technical advisor or expert, along with (i) the name, address, current curriculum vitae, current employer, and employment history for the past ten (10) years of the consultant, technical advisor or expert; (ii) a list of the cases in which the consultant, technical advisor or expert has testified as an expert at trial or by deposition within the preceding five (5) years; and (iii) an identification of any patents or patent applicants on which the consultant, technical advisor or expert is identified as an applicant or inventor, is involved in prosecuting or maintaining, or has any pecuniary interest; and (3) within seven (7) days of receipt of the disclosures described in subparagraph (e)(2) above, the producing Party may notify the receiving Party in writing that it objects to disclosure of DESIGNATED MATERIAL to the consultant, technical advisor, or expert.  The Parties agree to promptly confer and use good faith to resolve any such objection within seven (7) days following the objection.  If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within ten (10) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure.  The objecting Party shall have the burden of proving the need for a protective order.  No disclosure shall occur until all such objections are resolved by agreement or Court order.  A Party who has not previously objected to disclosure of DESIGNATED MATERIAL to a consultant, technical advisor or expert or whose objection has been resolved with respect to previously produced information shall not be precluded from raising an objection to a consultant, technical advisor or expert with respect to access to newly-produced materials or information that are produced after the time for objecting to such a consultant, technical advisor or expert has expired.  Any such objection shall be handled in accordance with the procedures set forth in this subsection (e)(3).

(f)     independent litigation support services, including persons working for or as court reporters, stenographic reporters or videographers, translators, graphics or design services, jury or trial consulting services not including mock jurors, and photocopy, document imaging, document review, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action;

(g)     mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose DESIGNATED MATERIAL and to keep any information concerning DESIGNATED MATERIAL confidential; and

(h)     the Court (including any Court-appointed mediators or advisors) and its personnel (under seal or other suitable precautions determined by the Court).

7.      A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

8.      Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose.   Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action.  Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

9.      To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "RESTRICTED – ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer source code and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the producing Party may designate such Protected Material as "RESTRICTED CONFIDENTIAL SOURCE CODE."

10.     For Protected Material designated RESTRICTED – ATTORNEYS' EYES ONLY, access
        to, and disclosure of, such Protected Material shall be limited to individuals listed in
        paragraphs 6(a-b) and (e-h); provided, however, that Parties may make written requests in
        advance of any disclosures that access to specific, identified information designated
        RESTRICTED -- ATTORNEYS' EYES ONLY be granted to in-house counsel who
        exercise no competitive decision-making authority on behalf of the client and only for the
        purposes of settlement negotiations.

11.     The RESTRICTED CONFIDENTIAL SOURCE CODE designation is reserved for
        Protected Material that contains or substantively relates to a Party's "Source Code,"
        which shall mean documents or information containing or substantively relating to
        confidential, proprietary and/or trade secret source code or technical design
        documentation ("Source Code Material").    For Protected Material designated
        RESTRICTED CONFIDENTIAL SOURCE CODE, the following additional restrictions
        apply:

        (a)     Access to a Party's Source Code Material shall only be made available for
                inspection, not produced except as provided for below, and shall be made
                available in electronic format on "stand-alone" computer(s) (that is, the computer
                may not be linked to any network, including a local area network ("LAN"), an
                intranet or the Internet) that is password protected and maintained in a secure,
                locked area.  Use or possession of any input/output device (*e.g.*, USB memory
                stick, cameras, or any camera-enabled device, CDs, floppy disk, portable hard
                drive, laptop, or any devices that can access the Internet or any other network or
                external system, etc.) is prohibited while accessing a computer containing Source
                Code Material.  All persons entering the locked room containing Source Code
                Material must agree to submit to reasonable security measures to insure they are
                not carrying any prohibited items before they will be given access to the locked
                room.  The stand-alone computer(s) may only be located at (1) the offices of the
                producing Party's primary outside counsel of record in this action; (2) a single,
                third-party site located within any judicial district in which the Source Code
                Material is stored in the ordinary course of business (*e.g.*, an escrow company); or
                (3) a location mutually agreed upon by the receiving Party and the producing

Party (the "Review Facility").  The Review Facility shall be reasonably accessible to the receiving Party;

(b)     The receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-along computer(s) to normal business hours, which for purposes of this paragraph shall be 9:00 a.m. through 6:00 p.m. on business days (*i.e.*, weekdays that are not Federal holidays).  However, upon reasonable notice from the receiving party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computer(s) outside of normal business hours.  The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel or other location shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

(a)     The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s).  The producing Party may visually monitor the activities of the receiving Party's representatives during any Source Code review, but only to ensure that no unauthorized electronic records of the Source Code and no information concerning the Source Code are being created or transmitted in any way;

(b)     The producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above and the receiving party may request that commercially available licensed software tools for viewing and searching of Source Code Material be installed on the stand-alone computer for purposes of the review.  The reviewing Party must provide the producing Party with removable electronic media (*e.g.* a DVD, CD ROM, or flash memory "stick") containing such software tool(s) at least five (5) business days in advance of the inspection.  Timely requests for the installation of such search software will not be unreasonably denied so long as the requested search software is compatible with the operating system, and other software necessary to make the Source Code available for inspection, installed on a Source Code Review computer(s), does not prevent or impede the receiving Party's access to the Source Code Material produced for inspection on Source Code Review computer(s) and does not side-step any of the security features enabled on a Source Code Review computer(s) (*e.g.*, enable connection and use of USB thumb drives).  The receiving Party shall not erase, load, install, compile, or otherwise modify any program (or request that any other program be erased, loaded, installed, or otherwise modified by the producing Party) on the Source Code Review computer(s) without first submitting a written request and obtaining the producing Party's agreement to the request;

(c)     Access to Protected Material designated RESTRICTED CONFIDENTIAL - SOURCE CODE shall be limited to (i) outside counsel, including the personnel described in paragraph 6(b) above; (ii) up to three (3) outside consultants or

experts[3] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 6(e) above; (iii) the Court (its technical advisor, if one is appointed), the jury, court personnel, and court reporters or videographers recording testimony or other proceedings in this action.   Court reporters and/or videographers shall not retain or be given copies of any portions of the Source Code Materials.  If used during a deposition, the deposition record will identify the exhibit by its bates numbers; and (iv) while testifying at a deposition or trial in this action only:  (a) any current or former officer, director or employee of the producing Party or original source of the information; (b) any person designated by the producing Party to provide testimony pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure; and/or (c) any person who authored, preciously received (other than in connection with this litigation), or was directly involved in creating, modifying, or editing the Source Code Material, as evident from its face or reasonably certain in view of other testimony or evidence.  Persons authorized to view the Source Code Materials pursuant to this subparagraph shall not retain or be given copies of the Source Code Materials except while so testifying.

(d)      A receiving Party's outside Counsel and outside consultants or experts shall be entitled to take notes relating to the Source Code Materials but may not copy any portion of the Source Code Material into the notes.  No copies of all or any portion of the Source Code Materials may leave the room in which the Source Code Material is inspected except as otherwise provided herein.  Further, no written or electronic record of the Source Code Materials is permitted except as otherwise provided herein;

(e)      No person shall copy, email, transmit, upload, download, print, photograph or otherwise duplicate any portion of the Source Code Materials except that the receiving Party may request a reasonable number of pages of Source Code Material to be printed by the producing Party, but only if and to the extent necessary for use in this action.  In considering what is reasonable, the receiving Party shall not, in general, ask that more than 1000 total pages—with a page being one that has at least 35 lines of code—of Source Code Material be printed.  After the receiving Party has asked that 1000 total pages of Source Code Material be printed, the Parties shall meet and confer regarding the printing of additional pages, if any, in view of the needs of the case and the amount of Source Code Material that has been made available.  Any printed portion that consists of more than ten (10) pages of a continuous block of Source Code shall be presumed to be excessive, and the burden shall be on the receiving Party to demonstrate the need for such a printed copy.  In the event that a producing Party believes that a particular printing request is unreasonable, the producing Party and receiving

---

[3]      For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

Party shall meet and confer in good faith to attempt to resolve this dispute without the Court's involvement.  If they cannot resolve the issue, either Party may seek an order from the Court;

(f)     If the producing Party objects that the printed portions are not reasonably necessary to any case preparation activity, the producing Party shall make such objection known to the receiving Party within five (5) business days of receipt of a request for printed portions of Source Code Material.  If, after meeting and conferring, the producing Party and the receiving Party cannot resolve the objection (where such meet and confer need not take place in person), the producing Party shall be entitled, but not required, to seek a Court resolution of whether the Printed Source Code in question is reasonably necessary to any case preparation activity.  Contested Source Code printouts need not be produced to the requesting Party until the matter is resolved by the Court;

(g)     Any printed pages of Source Code Material, and any other documents or things reflecting Source Code Material that have been designated by the producing Party as "RESTRICTED CONFIDENTIAL SOURCE CODE" ("Source Code Documents") may not be copied, digitally imaged or otherwise duplicated, except in limited circumstances necessary to attach as exhibits to depositions, expert reports, or court filings, except that the Receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

(h)     To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE;

(i)     Any paper copies designated "RESTRICTED CONFIDENTIAL SOURCE CODE" shall be stored or viewed only at (i) the offices of outside counsel for the receiving Party; (ii) the offices of outside experts or consultants who have been approved to access Source Code Materials; (iii) the site where any deposition is taken; (iv) the Court; or (v) any intermediate location necessary to transport the information to a hearing, trial or deposition.  Any such paper copies shall be maintained at all times in secure locations under the direct control of counsel responsible for maintaining the security and confidentiality of the designated materials;

(j)     A list of names of persons who will view Source Code Materials will be provided to the producing Party in conjunction with any written (including email) notice requesting inspection.  The producing Party shall maintain a daily log of the names of person who enter the locked room to view the Source Code Materials

and when they enter and depart.  The producing Party shall be entitled to have a person observe all entrances and exits from the Source Code viewing room, and to a copy of the log.

(k)   No electronic copies of Source Code Material shall be made without prior written consent of the producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically.  Furthermore, the receiving Party may create an electronic copy or image of limited excerpts of Source Code Material only to the extent necessary in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents.  The receiving Party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the Source Code Materials is used.  Images or copies of Source Code Materials shall not be included in correspondence between the Parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein.  The receiving Party may create an electronic image of a selected portion of the Source Code Materials only when the electronic file containing such image has been encrypted using commercially reasonable encryption software including password protection.  The communication and/or disclosure of electronic files containing any portion of Source Code Materials shall at all times be limited to individuals who are authorized to see Source Code Materials under this Protective Order.  The receiving Party shall maintain a log of all electronic images and paper copies of Source Code in its possession or in the possession of retained experts or consultants, including the names of the recipients and reviewers of any electronic or paper copies and the locations where the copies are stored.  Additionally, all electronic copies must be labeled "RESTRICTED CONFIDENTIAL SOURCE CODE";

(l)   All paper copies shall be securely destroyed if they are no longer necessary in the Litigation (*e.g.*, extra copies at the conclusion of a deposition).  Copies of Source Code Material that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers;

(m)   A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 11(e) above to another person authorized under paragraph 11(e) above, on paper via hand carry, Federal Express or other similarly reliable courier.  Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet.  Source Code Material may only be transported electronically for the purpose of Court proceeding(s) or deposition(s) as set forth in paragraph 11(m) above and is at all times subject to the transport restrictions set forth herein.  But, for those purposes only, the Source Code Materials may be loaded onto a stand-alone computer.

2.     Any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive the other Party's Protected Material that is designated RESTRICTED -- ATTORNEYS' EYES ONLY and/or RESTRICTED CONFIDENTIAL SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not (i) prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit or the subject matter of the accused products; or (ii) advise or counsel clients regarding the same, including but not limited to providing any advice or counseling regarding, or participating in, the drafting of claims of any patent application, reissue application, reexamination, *inter partes* review, post grant review, covered business method review, or any other proceeding before any foreign or domestic agency, including the United States Patent and Trademark Office (the "PTO"), on behalf of the receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for two years after its conclusion, including any appeals.  Notwithstanding the foregoing, nothing in this Order precludes outside counsel with access to HIGHLY SENSITIVE MATERIAL from participating in *inter partes* review proceedings, re-examinations, interference proceedings, or covered business method reviews before the PTO, provided that any attorney who reviews, in whole or in part, the contents of HIGHLY SENSITIVE MATERIAL produced by another Party may not advise, consult, or participate in the drafting of amended or substitute claims in the proceeding, and, will not use any of the Producing Party's Protected Material in the proceeding.  To ensure compliance with the

purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patent-in-suit.  This provision shall not bar entire firms, rather only the individuals who actually receive and review a Party's HIGHLY SENSITIVE MATERIAL.

3.      Any person reviewing any of another Party's HIGHLY SENSITIVE MATERIAL of a technical nature under this Order shall not be involved in the acquisition of patents (including patent applications), or the rights to any such patents or patent applications with the right to sublicense, for assertion against or licensing to a Party, pertaining to the field of invention of the patents-in-suit on behalf of the receiving Party or its acquirer, successor, predecessor, or Affiliate during the pendency of this Action and for two years after its conclusion, including any appeals, except with respect to the acquisition, licensing, or any other transaction involving the patents-in-suit.

4.      Each Party receiving Designated Material shall comply with all applicable expert control statutes and regulations.  *See*, *e.g.*, 15 C.F.R. § 734.2(f).  No Designated Material may leave the territorial boundaries of the United States of America or be made available to any foreign national who is not (i) lawfully admitted for permanent residence in the United States or (ii) identified as a protected individual under the Immigration and Naturalization Act (8 U.S.C. § 1324b(a)(3)).  No Designated Material may leave the territorial boundaries of the United States of America.  Without limitation, this prohibition extends to Designated Material (including copies) in physical and electronic

14

form.   The viewing of Designated Material through electronic means outside the territorial limits of the United States of America is similarly prohibited.  Notwithstanding this prohibition, Designated Material, exclusive of material designated RESTRICTED CONFIDENTIAL SOURCE CODE, and to the extent otherwise permitted by law, may be taken outside the territorial limits of the United States if it is reasonably necessary for a deposition taken in a foreign country.  The restrictions contained within this paragraph may be amended through the consent of the designating party to the extent that such agreed to procedures conform with applicable export control laws and regulations.

5.      Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity.   If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity in this action or in any other federal or state proceeding.  For example, the mere production of privilege or work-product protected documents in this case as part of a mass production is not itself a waiver in this case or any other federal or state proceeding.  A producing Party may assert privilege or protection over produced documents within a reasonable time after becoming aware of the inadvertent production by notifying the receiving Party of the assertion of privilege or protection in writing.  In case of inadvertent production, at the producing party's request, the receiving party shall immediately return or destroy the

inadvertently produced materials.  The producing party will provide a privilege log in accordance with Paragraph 6 of the Discovery Order (Dkt. 63).

6.      Pursuant to Federal Rule of Civil Procedure 26(b)(4)(B), no draft expert reports, notes, outlines, or disclosures leading up to a final expert report are discoverable in whatever form.  In addition, where a Party retains independent consultants or experts to further technical or consulting services or to give testimony with respect to the subject matter of this action, the following materials will be deemed to be privileged materials or materials otherwise protected from production based on a claim of privilege (attorney-client, work product, or other privilege) and thus not discoverable:

(a)     Correspondence between such independent consultants or experts and a party or its outside counsel;

(b)     Drafts of expert reports, declarations, or any other materials generated or drafted by or for such independent consultants or experts regarding the subject matter of this action; and

(c)     Communications between such independent consultants and experts and a party or its outside counsel that are related to drafts and/or revisions of expert reports, declarations, or other materials drafted by or for such independent consultants or experts, or that are related to preparation to testify at a hearing, trial, or deposition in this action.

Such protections provided herein are to be construed to be in addition to, and shall not diminish the protections provided in Fed. R. Civ. P. 26(b)(3)–(4).  Nothing herein, however, limits the rights of Parties to examine an expert or consultant concerning the information he or she relied upon in forming his or her opinions, which information shall not be privileged.

7.      There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order.  The Parties are hereby ORDERED to safeguard all such documents,

information and material to protect against disclosure to any unauthorized persons or entities.

8.   Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is:  (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 9 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL.  DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

9.   Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "RESTRICTED - ATTORNEY' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" pursuant to this Order.  Access to the deposition or hearing transcript so designated shall be limited in accordance with

the terms of this Order.  Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as confidential.

10.    Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court.  The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing.  Exhibits to a filing shall conform to the labeling requirements set forth in this Order.  If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

11.    The Order applies to pretrial discovery.  Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.  A Party shall provide a minimum of two (2) business days' notice to the producing Party in the event that a Party intends to use any DESIGNATED MATERIAL during trial.  In addition, the Parties will not oppose any request by the producing Party that the courtroom should be sealed, if allowed by the Court, during the presentation of any testimony relating to or involving the use of any DESIGNATED MATERIAL.

12.    Nothing in this Protective Order shall be construed to preclude or impede outside litigation counsel or record's ability to communicate with or advise their client in connection with this litigation only based on such counsel's review and evaluation of

Case 2:17-cv-00514-JRG   Document 44   Filed 02/23/18   Page 19 of 25 PageID #:  2517

Protected Information, provided however, that such communications or advice shall not disclose or reveal the substance or content of any Protected Information other than as permitted under this Protective Order.

13.    A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn.  If the designating Party does not agree to re-designation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief.  Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper.  Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions.  In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met.  Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

14.    Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order.  A copy of the acknowledgment form is attached as Appendix A.

15.    To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought

involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

16. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL", "RESTRICTED -- ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL SOURCE CODE" any documents, information or other material, in whole or in part, produced or give by such documents, information or other material, in whole or in part, produced or give by such Third Parties.  The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation.  Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "RESTRICTED -- ATTORNEYS' EYES ONLY" in accordance with this Order.

17. If at any time documents containing Protected Information are subpoenaed by any court, arbitral, administrative or legislative body, or are otherwise requested in discovery, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to every Party who has produced such documents and to its counsel and shall provide each such Party with an opportunity to object to the production of such documents.  If a producing Party does not take steps to prevent disclosure of such documents within ten (10) business days of the date written notice is given, the Party to whom the subpoena is directed may produce such documents in response thereto, but shall take all reasonable measures to have such documents treated in accordance with this Protective Order.

18.     Within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof, or documents that contain or refer to DESIGNATED MATERIAL, including, but not limited to, correspondence, memoranda, notes and other work product materials, shall at the producing Party's election either be returned to the producing Party or be destroyed.  The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request.  In the event that a Party is dismissed before the entry of a final non-appealable judgment or order, this same procedure shall apply to any Protected Information received from or produced to the dismissed Party.  Notwithstanding this provision, outside litigation counsel of record are not required to delete information that may reside on their respective firm's electronic back-up systems that are over-written in the ordinary course of business.  Notwithstanding the foregoing, outside counsel shall be entitled to maintain two (2) copies of all pleadings, motions and trial briefs (including all supporting papers and exhibits thereto that do not contain or refer to RESTRICTED -- ATTORNEYS' EYES ONLY" OR "RESTRICTED CONFIDENTIAL SOURCE CODE" information), written discovery requests and responses (and exhibits thereto that do not contain or refer to RESTRICTED -- ATTORNEYS' EYES ONLY" OR "RESTRICTED CONFIDENTIAL SOURCE CODE" information), deposition transcripts (and exhibits thereto that do not contain or refer to "RESTRICTED -- ATTORNEYS' EYES ONLY" OR "RESTRICTED CONFIDENTIAL SOURCE CODE" information), trial transcripts, and exhibits offered or introduced into evidence at

any hearing or trial, and their attorney work product which refers or is related to any DESIGNATED MATERIAL for archival purposes only.

19. The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof.  The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

20. Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances.  Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

21. Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

22. Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

23.   Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

**So ORDERED and SIGNED this 23rd day of February, 2018.**


RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| AGIS SOFTWARE DEVELOPMENT, LLC | |
| Plaintiff, | |
| v. | CASE NO. 2:17-cv-514-JRG (LEAD CASE) |
| HTC CORPORATION, | |
| Defendant. | **JURY TRIAL DEMANDED** |
| | CASE NO. 2:17-cv-517-JRG (CONSOLIDATED CASE) |
| AGIS SOFTWARE DEVELOPMENT, LLC | |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| ZTE CORPORATION, ZTE (USA), INC. AND ZTE (TX), INC., | |
| Defendants. | |

**APPENDIX A**
**UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING**
**PROTECTIVE ORDER**

I, _____, declare that:

1.   My address is _____.

     My current employer is _____.

     My current occupation is _____.

2.   I have received a copy of the Protective Order in this action.  I have carefully read and

understand the provisions of the Protective Order.

3.     I will comply with all of the provisions of the Protective Order.  I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that is disclosed to me.

4.     Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5.     I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.


Signature _____

Date _____