# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| AGIS SOFTWARE DEVELOPMENT LLC, | § § | |
| Plaintiff, | § § | |
| | § | Civil Action No. 2:17-CV-514-JRG |
| v. | § § | (Lead Case) |
| HTC CORPORATION, | § | Civil Action No. 2:17-CV-515-JRG |
| LG ELECTRONICS, INC., | § | Civil Action No. 2:17-CV-517-JRG |
| ZTE CORPORATION, ZTE (USA), INC., | § | |
| AND ZTE (TX), INC. | § § | |
| Defendants. | § § | |

**DEFENDANT LG ELECTRONICS, INC.'S
OPPOSED MOTION FOR LEAVE TO FILE MOTION TO SUPPLEMENT THE
RECORD IN SUPPORT OF ITS MOTION TO TRANSFER VENUE TO THE
<u>NORTHERN DISTRICT OF CALIFORNIA</u>**

Based on good cause, Defendant LG Electronics, Inc. ("LGEKR") respectfully requests this Court grant it leave to file an opposed motion to supplement the record in support of its pending Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, to Transfer Venue to the Northern District of California (Dkt. No. 46).

## I. GOOD CAUSE EXISTS FOR GRANTING LGEKR LEAVE TO FILE A MOTION TO SUPPLEMENT THE RECORD

On November 27, 2017, LGEKR moved to transfer the above-captioned action filed by AGIS Software Development LLC ("Plaintiff" or "AGIS") to the Northern District of California. (Dkt. No. 46).   LGEKR submitted evidence that the core of the accused applications in this case is provided by third-party Google LLC ("Google"), and the relevant witnesses and information about those functionalities are located in and around Northern California.  Specifically, LGEKR submitted declarations from Google witnesses establishing that, for the accused functionality related to the Google Maps for Mobile application ("GMM") and Google's Find My Device (formerly known as Android Device Manager), the source code and other information regarding these applications is confidential and proprietary, and that those documents and Google's relevant witnesses are located in the Northern District of California.  (513 D.I. 36-4 ¶ 6, 513 D.I. 36-5 ¶ 6, 513 D.I. 74-8, 513 D.I. 74-9).

On December 29, 2017, AGIS filed its Opposition to LGEKR's Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, to Transfer Venue to the Northern District of California  (Dkt. No. 68).  In its Opposition, AGIS dismissed the  relevance, location and convenience of non-party Google, arguing that their infringement claims against LGEKR were premised on and provable through use of "publicly available" Android operating system source code and other information.  (*Id.* at 2, 19, 22).  In fact, AGIS explicitly disputed "Google's possible role as a non-party" and took the position that any discovery into Google's confidential

4

and proprietary source code and other information for GMM and Find My Device is irrelevant to the claims asserted against the Android defendants, such as LGEKR.[1] *AGIS Software Development LLC v. Huawei Device USA Inc., et al.*, No. 2:17-cv-513-JRG (E.D. Tex.), 513 D.I. 56 at 9 ("Google's possible role as a non-party in this case − which is disputed by AGIS . . . ); *id.* at 9, n.5 ("AGIS has chosen not to pursue claims related to methods performed by a server against Huawei.").

Notwithstanding these representations in its transfer opposition, on August 23, 2018 and August 29, 2018, Plaintiff served deposition and document subpoenas on Google in both of the consolidated cases against Android Defendants, *AGIS Software Development LLC v. Huawei Device USA Inc., et al.*, No. 2:17-cv-513-JRG (E.D. Tex.) and *AGIS Software Development LLC v. HTC Corp.*, No. 2:17-cv-514-JRG (E.D. Tex.). These subpoenas seek deposition testimony and documents such as the source code for Google Maps and Find My Device, documents showing the structure, operation, design, development, functionality, features, testing, and manufacture for portions of Google Maps and Find My Device related to the accused features, and documents showing the communication protocols used with Android Applications between one or more Google Servers and/or one or more other Android Devices -- precisely the information AGIS previously represented wasn't relevant to its infringement theories. Because Plaintiff's recent subpoenas to Google contradicts its previous attempt to undermine the significance of Google's documents and witnesses in the transfer analysis, good cause exists to allow LGEKR leave to file a motion to supplement the record.

## II. CONCLUSION

For the foregoing reasons, LGEKR respectfully requests the Court grant LGEKR leave to

---

[1] AGIS asserts the same claims against all Android Defendants (LGEKR, Huawei, HTC, and ZTE) in the two consolidated cases (Case No. 17-cv-513 (Huawei) and Case No. 17-cv-514

file the opposed Motion to Supplement the Record in Support of its Motion to Transfer Venue to the Northern District of California filed separately pursuant to local rules CV-7(k).

Dated:   September 4, 2018                                    Respectfully submitted,

                                              */s/ Mark Mann*
Mark Mann
SBN: 12926150
mark@themannfirm.com
G. Blake Thompson
SBN:  24042033
blake@themannfirm.com
MANN TINDEL THOMPSON
300 West Main Street
Henderson, Texas 75652
Tel: 903-657-8540

Michael A. Berta
Michael.berta@arnoldporter.com
ARNOLD & PORTER
KAYE SCHOLER LLP
Three Embarcadero Center
10th Floor
San Francisco, CA 94111-4024
Tel: 415-471-3000

Matthew M. Wolf
Matthew.wolf@arnoldporter.com
ARNOLD & PORTER
KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, DC 20001-3743
Tel: 202-942-5000

James S. Blackburn
James.blackburn@arnoldporter.com
Nicholas H. Lee
Nicholas.lee@arnoldporter.com
ARNOLD & PORTER
KAYE SCHOLER LLP
777 South Figueroa Street
44th Floor
Los Angeles, CA 90017-5844

---

(LGEKR, HTC, and ZTE)).

Tel: 213-243-4000

ATTORNEYS FOR DEFENDANT
LG ELECTRONICS, INC.

8

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 4, 2018, a true and correct copy of the foregoing was served to the parties' counsel of record via ECF pursuant to Local Rule CV-5(d).

*/s/ Mark Mann*

## **CERTIFICATE OF CONFERENCE**

Pursuant to L.R. CV-7(i), the undersigned hereby certifies that counsel for Defendant LGEKR and counsel for Plaintiff AGIS met and conferred by telephone on September 4, 2018, and have complied with L.R. CV-7(h).  Plaintiff opposes LGEKR's Motion for Leave to File the Attached Motion to Supplement the Record in Support of its Motion to Transfer Venue to the Northern District of California.

*/s/ Mark Mann*