**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| AGIS SOFTWARE DEVELOPMENT LLC, | § § | |
| Plaintiff, | § § | |
| v. | § § | |
| HTC CORPORATION, | § | Civil Action No. 2:17-CV-514-JRG |
| LG ELECTRONICS, INC., | § | (Lead Case) |
| ZTE CORPORATION, ZTE (USA), INC., | § | |
| AND ZTE (TX), INC. | § § | Civil Action No. 2:17-CV-515-JRG |
| | § | Civil Action No. 2:17-CV-517-JRG |
| Defendants. | § § | |

**DEFENDANT LG ELECTRONICS, INC.'S
OPPOSED MOTION TO SUPPLEMENT THE RECORD IN SUPPORT OF ITS
MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA**

Defendant LG Electronics, Inc. ("Defendant" or "LGEKR") respectfully submits this motion to supplement the record in support of its pending Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, to Transfer Venue to the Northern District of California (the "Motion to Transfer Venue") (513 Dkt. 46).

## I. BACKGROUND

On November 27, 2017, LGEKR moved to transfer the above-captioned action filed by AGIS Software Development LLC ("Plaintiff" or "AGIS") to the Northern District of California. (*See* 513 Dkt. 46). In support of a change in venue, Defendant submitted evidence that the core of the accused applications in this case is provided by third-party Google LLC ("Google"), and the relevant witnesses and information about those functionalities are located in and around Northern California. (*See id.* at 7-8, 20, 23). LGEKR submitted declarations from Google witnesses establishing that, for the accused functionality for Google Maps for Mobile application ("GMM") and Google's Find My Device (formerly known as Android Device Manager), the relevant source code and other information regarding these applications is confidential and proprietary, and that those documents and relevant Google witnesses are located in the Northern District of California. (513 D.I. 36-4 ¶ 6, 513 D.I. 36-5 ¶ 6, 513 D.I. 74-8, 513 D.I. 74-9). AGIS itself confirmed that these were the core accused applications for the case when it served its Disclosure of Asserted Claims and Infringement Contentions on November 28, 2017. (513 Dkt. 77-1, Ex. 1).

At the time of briefing for the Motion to Transfer Venue, AGIS dismissed the relevance, location and convenience of non-party Google, arguing that "much of that information [concerning the accused functionality related to Google's Android Operating System] is publicly available through either open source code or public application

programming interfaces ('API')." (513 Dkt. 68 at 2, 19). Plaintiff further argued that "[t]he only documents LGEKR argues might be located in the transferee forum are the source code . . . which is already publicly available . . . and unidentified 'Android-related certification documents and records' in LGEMU's office . . . which LGEKR admits are likely available electronically if relevant at all." (*Id.* at 22). In fact, AGIS explicitly disputed "Google's possible role as a non-party" and took the position that any discovery into Google's confidential and proprietary source code and other information for GMM and Find My Device is irrelevant to the claims asserted against the Android defendants, such as LGEKR.[1] *AGIS Software Development LLC v. Huawei Device USA Inc., et al.*, No. 2:17-cv-513-JRG (E.D. Tex.), D.I. 56 at 9 ("Google's possible role as a non-party in this case − which is disputed by AGIS . . . ); *id.* at 9, n.5 ("AGIS has chosen not to pursue claims related to methods performed by a server against Huawei.").

New evidence has recently emerged confirming Defendant's argument that the location and convenience of non-party Google weighs in favor of transfer to the Northern District of California. On August 23, 2018 and August 29, 2018, AGIS served deposition and document subpoenas on Google in both of the consolidated cases against Android Defendants, *AGIS Software Development LLC v. Huawei Device USA Inc., et al.*, No. 2:17-cv-513-JRG (E.D. Tex.) and *AGIS Software Development LLC v. HTC Corp.*, No. 2:17-cv-514-JRG (E.D. Tex.). *See* Notice of Subpoenas to Google LLC attached as Exhibits A and B. AGIS's subpoena undermines the credibility of its previous efforts to discount the relevance of Google's witnesses, source code and other information to this action. Notwithstanding AGIS's representations that

---

[1] AGIS asserts the same claims against all Android Defendants (LGEKR, Huawei, HTC, and ZTE) in the two consolidated cases (Case No. 17-cv-513 (Huawei) and Case No. 17-cv-514 (LGEKR, HTC, and ZTE)).

"AGIS's infringement contentions . . . rely only on publicly available open source code or public APIs," (513 D.I. 56 at 9), AGIS's subpoena seeks the confidential and proprietary source code for Google Maps and Find My Device. AGIS also seeks from Google other technical documents that show the operation, design, development, functionality, features, testing, and manufacture of Google Maps and Find My Device. Furthermore, despite AGIS's assertion that it "has chosen not to pursue claims related to methods performed by a server against Huawei," (*id.* at 9, n.5), AGIS now seeks the communication protocols used with Android Applications between one or more Google Servers and/or one or more other Android Devices and the source code for Google Servers. Indeed, the subpoena confirms that the key sources of evidence regarding the operation, design, and function of the applications identified in AGIS's Infringement Contentions reside with Google in and around the Northern District of California. Because Google's documents and witness testimony helps resolve critical issues regarding the accused applications, LGEKR respectfully submits that AGIS's service of the subpoenas on Google confirms the appropriateness of transferring the present litigation to the Northern District of California pursuant to 28 U.S.C. § 1404(a).

**II.   ARGUMENT**

When resolving a challenge to the propriety of venue, this Court enjoys broad discretion to allow the moving party to supplement the record with additional facts and evidence. *See, e.g.*, *Murungi v. Touro Infirmary*, No. 6:11-cv-0411, 2011 WL 3206859, at *2 (W.D. La. June 29, 2011) (noting the broad discretion to consider supplemental evidence when ruling on a motion to transfer venue); *accord Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009) (noting the Court's broad discretion to consider supplemental evidence when ruling on a Rule 12(b)(1) or 12(b)(3) motion). Exercise of such discretion is appropriate when new information emerges

that can assist the Court's consideration of the transfer motion. *See, e.g.*, *Nationwide Mutual Ins. Co. v. The Overlook, LLC*, No. 4:10-cv-00069, 2010 WL 2520973, at *10 (E.D. Va. June 17, 2010) (granting motion to supplement a transfer motion because it assisted the court's consideration of the matter).

In the present matter, Defendant respectfully submits that the subpoena on Google will advance the Court's consideration of the Motion to Transfer Venue by, *inter alia*, demonstrating that the relative ease of access to sources of proof and convenience for witnesses factors favor transfer, and confirming that AGIS's arguments downplaying the relevance of Google's documents and witnesses was an argument of convenience during transfer briefing that AGIS has abandoned now that it actually must litigate the merits of its claims.

In Defendant's Motion to Transfer Venue, Defendant argued that relevant documents, including highly proprietary source code, and witnesses with knowledge relating to the operation, design, and function of the third-party Accused Applications are located in the Northern District of California or at locations far more convenient to the Northern District of California than to the Eastern District of Texas.  (513 Dkt. 46 at 20).  In its opposition, Plaintiff repeatedly suggested that the relevant Google documents are already publicly available, and thus should not be considered under the access to sources of proof factor.  (513 Dkt. 68 at 22 ("The only documents LGEKR argues might be located in the transferee forum are the source code (513 Dkt. 46 at 20) which is already publicly available . . . ."); 24 n.11 ("LGEKR argues that relevant documents, including source code, are located in or near the Northern District of California. Dkt. 46 at 20.  But, as discussed above, AGIS's infringement contentions rely on Google's open source code and/or application programming interfaces, which are publicly available.")).  The subpoenas to Google, however, establish that Plaintiff's arguments should not

be credited.  Specifically, the document subpoena seeks, among other requests, the source code related to the accused functionalities of Google Maps, Find My Device, and Android Device Manager, and documents sufficient to show the structure, operation, design, development, functionality, features, testing, and manufacture of the accused functionalities of Google Maps, Find my Device, and Android Device Manager.  These document requests confirm that AGIS does not actually believe that its infringement case will rely solely on publicly available Google documents, regardless of whatever AGIS put in its initial infringement contentions.  Moreover, AGIS seeks the production of such documents in the Northern District of California, further confirming that the relevant documents in the instant case are located in the Northern District of California.

With respect to the convenience of the parties and witnesses factor, LGEKR explained that Google witnesses would be the "key (and the only) sources of evidence regarding the operation, design, and function of the Google applications" and that such witnesses reside in and around the Northern District of California.  (513 Dkt. 46 at 23).  In its Opposition, Plaintiff again dismissed the relevance of Google witnesses because "AGIS's infringement contentions rely on Google's open source code and/or application programming interfaces, which are publicly available."  (513 Dkt. 68 at 19).  Furthermore, AGIS suggested that many of Google's potential witnesses reside in Texas.  (*Id.* at 19-20).  Nevertheless, AGIS's deposition subpoena, which was noticed in the Northern District of California, seeks testimony explaining the source code for Google Maps and Find My Device, as well as testimony on the structure, operation, design, development, functionality, features, testing, and manufacture for the accused features of Google Maps and Find My Device.  Thus, the deposition subpoena shows that Google's witnesses are

not only relevant but crucial to understand the operation of the accused features of Google Maps and Find My Device, and that those witnesses are located in the Northern District of California.

When considered in this context, AGIS's position that it "has no sources of proof in the proposed transferee district" (513 Dkt. 68 at 25) is simply not true.  It *does* have a source of proof in the Northern District of California -- Google -- and the evidence it now seeks is *precisely* the evidence LGEKR identified in its transfer motion.  It is not appropriate for AGIS to discount relevant Google documents and testimony for purposes of the transfer analysis, yet simultaneously seek a deposition and documents from Google through a subpoena.  *See In re Microsoft Corp.*, 630 F.3d 1361, 1364 (Fed. Cir. 2011) ("The Supreme Court has long urged courts to ensure that the purposes of jurisdictional and venue laws are not frustrated by a party's attempt at manipulation.").  Accordingly, the Google subpoena demonstrates that relevant evidence in this action resides in the Northern District of California and only further confirms the appropriateness of transferring the present litigation to the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1404(a).

### III.   CONCLUSION

For the foregoing reasons, Defendant respectfully submits that the Court grant its motion to supplement the record in support of its pending Motion to Transfer Venue.

Dated: September 4, 2018                         Respectfully submitted,

                                                 */s/ Mark Mann*
                                                 Mark Mann
                                                 SBN: 12926150
                                                 mark@themannfirm.com
                                                 G. Blake Thompson
                                                 SBN:  24042033
                                                 blake@themannfirm.com
                                                 MANN TINDEL THOMPSON
                                                 300 West Main Street
                                                 Henderson, Texas 75652

Tel: 903-657-8540

Michael A. Berta
Michael.berta@arnoldporter.com
ARNOLD & PORTER
KAYE SCHOLER LLP
Three Embarcadero Center
10th Floor
San Francisco, CA 94111-4024
Tel: 415-471-3000

Matthew M. Wolf
Matthew.wolf@arnoldporter.com
ARNOLD & PORTER
KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, DC 20001-3743
Tel: 202-942-5000

James S. Blackburn
James.blackburn@arnoldporter.com
Nicholas H. Lee
Nicholas.lee@arnoldporter.com
ARNOLD & PORTER
KAYE SCHOLER LLP
777 South Figueroa Street
44th Floor
Los Angeles, CA 90017-5844
Tel: 213-243-4000

ATTORNEYS FOR DEFENDANT LG
ELECTRONICS, INC.

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7, the undersigned certifies that counsel have conferred on whether Plaintiff opposes the motion and relief requested herein.  Plaintiff is opposed to the motion.

/s/ Mark Mann

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 4, 2018, a true and correct copy of the foregoing was served to the parties' counsel of record via ECF pursuant to Local Rule CV-5(d).

/s/ Mark Mann