IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| AGIS SOFTWARE DEVELOPMENT LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| HTC CORPORATION, | § | Civil Action No. 2:17-CV-514-JRG |
| LG ELECTRONICS, INC., | § | (Lead Case) |
| ZTE CORPORATION, ZTE (USA), INC., | § | |
| AND ZTE (TX), INC. | § § | Civil Action No. 2:17-CV-515-JRG |
| | § | Civil Action No. 2:17-CV-517-JRG |
| Defendants. | § § § | |

## ORDER

Before the Court is Defendant LG Electronics, Inc.'s Opposed Motion to Supplement the Record in Support of Its Motion to Transfer Venue to the Northern District of California (the "Motion to Supplement"). (Dkt. No. 66.) Having considered the Motion to Supplement, the Court is of the opinion that it should be and hereby is **GRANTED** to the extent and for the reasons set forth herein.

In its Motion to Supplement, LG Electronics, Inc. ("LG Korea") submits that on August 23, 2018 and August 29, 2018, Plaintiff AGIS Software Development LLC ("AGIS") served subpoenas *duces tecum* on Google in both of the consolidated cases against Android Defendants, *AGIS Software Development LLC v. Huawei Device USA Inc., et al.*, No. 2:17-cv-513 (E.D. Tex.) and A*GIS Software Development LLC v. HTC Corp.*, No.2:17-cv-514 (E.D. Tex.) (*Id.* at 3.) These subpoenas were served on Google in the Northern District of California. They sought testimony and documents about Google's confidential source code for Google Maps and Find My Device as well as other related technical documents. (*Id.* at 3-4.) LG Korea argues that these subpoenas "will advance the Court's consideration of the transfer venue motion by, *inter alia*, demonstrating that the relative ease of access to sources

of proof and convenience for witnesses factors favor transfer, and confirming that AGIS's arguments downplaying the relevance of Google's documents and witnesses was an argument of convenience during transfer briefing that AGIS has abandoned now that it actually must litigate the merits of its claims." (*Id.* at 5.)

In opposition, AGIS argues that LG Korea's Motion to Supplement should be denied because "AGIS's subpoena to Google contributes nothing to the quantum of proof before the Court on the merits of the underlying motion to transfer venue," and "LG [Korea] has not demonstrated that this would materially affect the outcome of the decision as to transfer venue." (Dkt. 73 at 4.) Moreover, AGIS argues that it has never stated "that it would not seek the discovery of Google with respect to any proprietary Google application material," despite LG Korea's arguments to the contrary. (*Id.* at 6.) AGIS submits that LG Korea has refused to produce relevant discovery to AGIS, and thus AGIS was forced to seek discovery from Google. (*Id.* at 2.)

On balance, the Court finds that the subpoena notices served on Google will assist the Court's consideration of LG Korea's pending Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, to Transfer Venue to the Northern District of California. (2:17-cv-513, Dkt. No. 46.) Accordingly, the Court hereby **GRANTS** LG Korea's Motion to Supplement and it is **ORDERED** that the Google Subpoenas attached as Exhibits A and B to the Motion to Supplement, (2:17-cv-514, Dkt. No. 66-1; 66-2), be forthwith **FILED** by the Clerk as part of the record in this case.

**So ORDERED and SIGNED this 26th day of September, 2018.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE